JUSTIN A.  BRACKETT (HI Bar No.  9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

RICHARD BALLUCANAG

               Plaintiff,

   vs.

JAGUAR LAND ROVER NORTH
AMERICA, LLC.,

             Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:19-cv-615

**COMPLAINT FOR DAMAGES;
EXHIBITS A – C; VERIFICATION
OF COMPLAINT**

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by and through his undersigned counsel, bring this action against the Defendant and allege as follow:

<u>JURISDICTION AND VENUE</u>

1.    The action arises out of Defendant Jaguar Land Rover North America, LLC's ("Defendant Jaguar") sale to Plaintiff of a brand new 2017 Jaguar F-Pace (the "vehicle") that is defective, malfunctioning, and nonconforming and has been out of service for repairs since March 27, 2019.

2.      Defendant Jaguar has failed to repair or replace the safety defects in a reasonable amount of time in violation of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq., and in breach of Defendant Jaguar's express warranty.

3.      Defendant Jaguar is the manufacturer of the vehicle.

4.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §§ 2301 et. seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Plaintiff is a consumer as defined in 15 U.S.C. § 2301(3).

6.      Defendant Jaguar is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

7.      The afore described motor vehicle is a consumer product as defined in 15 U.S.C. §2301(6).

8.      15 U.S.C. §2301(a)(1) requires Defendant Jaguar, the warrantor, to remedy any defect, malfunction, or nonconformance of the subject vehicle within a reasonable time as defined in 15 U.S.C. §2304(d).

9.      Venue is proper in this District because the acts and transactions occurred here, Defendant Jaguar transacts business here, and Plaintiff resides here.

## PARTIES

10.     Plaintiff Richard Ballucanag (hereinafter "Mr. Ballucanag") is a resident of the State of Hawai'i, and is a consumer for all purposes relevant herein.

11.    Defendant Jaguar is a business entity incorporated in the State of Delaware and regularly conducts and transacts business in the State of Hawaiʻi, either by itself or through one or more subsidiaries, affiliates, business divisions, or business units.  Defendant Jaguar's principal place of business is Jaguar Land Rover North America, LLC, 100 Jaguar Land Rover Way, Mahwah, New Jersey 07495.  Defendant Jaguar can be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, DE  19808.

12.    Defendant Jaguar is subject to the jurisdiction of this Court.   All actions taken by Defendant Jaguar's employees in the course of events described herein were taken within the course of their employment with Defendant Jaguar.

<u>SUMMARY OF THE ALLEGATIONS</u>

13.    This is a consumer protection case involving the sale of a new vehicle. The problem is that the vehicle has been out of service because of repair of one or more defects for thirty (30) or more cumulative business days, which violates the Magnusson Moss Warranty Act and leaves Mr. Ballucanag without the vehicle he purchased brand new.

14.    JN Group, Inc. (hereinafter "JN Group") is the authorized dealer of Defendant Jaguar that sold the subject vehicle to Mr. Ballucanag under its trade name of Jaguar Honolulu.  JN Group is located at 2999 N. Nimitz Highway, Honolulu, Hawaiʻi 96819.   JN Group is organized in Hawaiʻi and can be served

through its registered agent Brad M. Nicolai, 600 Puuloa Road, Honolulu, Hawai'i

96819.

15.     Mr. Ballucanag took very good care of the vehicle since he purchased

it on or about August 17, 2016.  He maintained its maintenance and loan payments.

Sadly, throughout the course of his ownership of the vehicle, it has oftentimes

been, and is now, inoperable and/or unsafe to drive.

16.     Mr. Ballucanag brought the vehicle to JN Group for them to inspect

and fix the problem(s).  Despite Mr. Ballucanag's attempts to have Defendant

Jaguar fix the vehicle, it still is inoperable and/or unsafe.

17.     Mr. Ballucanag is afraid for himself or his wife to drive the vehicle,

especially since it places him and his family in danger.

18.     Mr. Ballucanag has requested a refund from Defendant Jaguar, but

have thus far been denied his requests.

19.     Instead of repairing or replacing the vehicle as required under the

warranty, JN Group explained that Defendant Jaguar does not have a technician

certified to work on the vehicle.  JN Group claims that the service technicians were

instead needing to be sent for training, leaving Mr. Ballucanag without his vehicle.

<u>FACTS</u>

20.     During all relevant times herein, Mr. Ballucanag was a consumer of

his personal vehicle which he purchased from JN Group.

4

21.     Defendant Jaguar is the manufacturer of the vehicle.   Defendant Jaguar is responsible for all warranties as well as the proper and timely repair of the vehicle under the warranties and federal law.

22.     On or about August 17, 2016, Mr. Ballucanag purchased a new 2017 JAGUAR F-Pace 36T Prestige from JN Group for a total Sale Price of $55,000.14. The total sale price included the base price of the 2017 Jaguar F-Pace 36T Prestige of $51,645.00, Delivery and Handling Fee of $194.50, Hawaii General Excise & County Taxes of $2,477.31, Hawaii 0.5% Import Use Tax of $248.33, Estimated Transfer & License Fee of $500.00, and a Dealer Documentation Fee of $735.00. A true copy of the Retail Purchase Agreement given to Mr. Ballucanag by JN Group on August 17, 2016, is attached hereto as Exhibit A.

23.     The vehicle was financed and the transaction was recorded by JN Group as deal number J17771.  The Total Sale Price of $55,800.14 stated in the contract includes an amount financed $53,000.00 and Mr. Ballucanag's down payment of $2,800.14.  See Exhibit A.

24.     The mileage on the vehicle at the time of purchase on August 17, 2016 was 14 miles. Exhibit A.

25.     Mr. Ballucanag's problems with the vehicle started on April 24, 2018 when he brought his vehicle in for service due to:  1) coolant light on, which

should have been corrected as part of the recall on August 24, 2017); 2) Eco

start/stop not working; and 3) reverse camera not centered.

26.     Mr. Ballucanag had to bring his new Jaguar in for service again early

this year with the problems requiring over seven months of repair, leaving him

without his brand-new vehicle since March 27, 2019.

27.     When it was put into the shop, the service technicians noted:

> CUSTOMER STATES RATTLING NOISE COMING FROM
> ENGINE WHILE VEHICLE IS IDLING
> CUSTOMER STATES ECO START/STOP IS INOP[ERABLE]
> PERFORM JAGUAR HONOLULU – WORLD CLASS MULTI-
> POINT-VEHICLE INSPECTION
> …
> CUSTOMER NEEDS VEHICLE BY END OF DAY

See Exhibit B (March 27, 2019 Service Workorder)

28.     It is worth repeating that Mr. Ballucanag did not get his vehicle back

by the end of that day, or any day for the past seven months.  The vehicle has been

in the shop at JN Group since March 27, 2019 and remains there as of the filing of

this Complaint.

29.     The vehicle purchase included a warranty that does not expire until

August 16, 2021. See Exhibit C.

30.     Mr. Ballucanag has been very patient and has made multiple attempts

to resolve the problem with both JN Group and Defendant Jaguar.

31.    Defendant Jaguar has been inconsistent with its diagnosis of the vehicle, has not provided authorized service technicians, and has refused Mr. Ballucanag's request for a replacement vehicle despite the vehicle remaining unsafe and/or inoperable for a outrageous amount of time.

32.    Mr. Ballucanag continues to make monthly payments to USAA for the vehicle in the amount of $1,012.93 per month.

33.    Mr. Ballucanag maintains the vehicle's registration, safety, and insurance.

34.    The vehicle suffers from a substantial defect that impairs the use, value, or safety of the vehicle and it must be replaced.

### *Mr. Ballucanag's Attempts to Resolve Matter with Defendant Jaguar*

35.    Mr. Ballucanag exchanged communications with various representatives of Defendant Jaguar and JN Group in an attempt to resolve the problems with his vehicle.

36.    Defendant Jaguar's representatives informed Mr. Ballucanag on that they were working to get the matter resolved and would respond within a set amount of time only to never respond and make Mr. Ballucanag just keep following up with them.

37.    Despite the ongoing issues and Mr. Ballucanag being unable to use the vehicle, he continues to pay for the vehicle monthly.

38.     Defendant Jaguar has refused to comply with Mr. Ballucanag's requests to repair the vehicle to its operational state, when in fact the vehicle suffers from major nonconformities that make it unsafe and significantly less valuable.

39.     Defendant Jaguar knew it was bound by Hawaii's Lemon Law, the Magnusson Moss Warranty Act, and its express Warranties throughout these occurrences, but instead of replacing the vehicle or buying it back as it should have, it instead worsened the situation by stalling Mr. Ballucanag's attempts at relief and deceiving him with various delay tactics.

40.     Defendant Jaguar has made no attempt to resolve these issues with Mr. Ballucanag, leaving him with no choice but to file this lawsuit.

## FIRST CLAIM FOR RELIEF (Magnuson-Moss Warranty Act)

41.     Mr. Ballucanag incorporates herein the allegations set forth above.

42.     15 USC §2301(a)(1) requires Defendant Jaguar, the vehicle's warrantor, to remedy any defect, malfunction, or nonconformance of the subject vehicle within a reasonable time as defined in 15 USC §2304(d).

43.     Despite the fact that Mr. Ballucanag complied with all reasonable terms and conditions imposed upon him by Defendant Jaguar, Defendant Jaguar did not properly and timely remedy the defect, malfunction, or nonconformance.

44.     Defendant Jaguar is a merchant with respect to motor vehicles.

45.     As a result of Defendant Jaguar's breaches of express and implied warranties as set forth in this Complaint, and its failure to remedy same competently and timely, Mr. Ballucanag has suffered the damages enumerated herein.

<u>SECOND CLAIM FOR RELIEF (Breach of Warranties)</u>

46.     Mr. Ballucanag incorporates herein the allegations set forth above.

47.     The aforementioned motor vehicle purchased by Mr. Ballucanag was subject to implied warranties of merchantability.

48.     Defendant Jaguar, to induce said sale, also made certain express warranties and representations to Mr. Ballucanag, both orally and in writing, and through its advertising and conduct.

49.     Said express warranties and representations include, but are not limited to, the following:

New Vehicle Limited Warranty
Bumper to Bumper
        5 years / 60,000 miles
        (whichever occurs first)

Battery
        5 years / 60,000 miles
        (whichever occurs first)

Wear parts and service adjustments
        1 year / 12,500
        (whichever occurs first)

Corrosion

6 years / unlimited mileage

See Exhibit C, page 7.

50.    Page 9 of the Warranty provides:

Warranty Statement
Jaguar warrants that during the warranty period, if a 2017 Model Year
Jaguar vehicle is properly operated and maintained, repairs required to
correct defects in factory-supplied materials or factory workmanship
will be performed without charge upon presentment for service at an
authorized Jaguar retailer; any component covered by this warranty
found to be defective in materials or workmanship will be repaired, or
replaced, without charge, with a new or remanufactured part
distributed by Jaguar, at its sole option.  In addition, Jaguar warrants
that an authorized Jaguar retailer will provide service adjustments and
will replace defective 'wear parts' on your vehicle within the service
adjustment warranty period.
…
The warranty period for the vehicle begins on the date of the first
retail sale….  The basic warranty period is for five (5) years or until
the vehicle has been driven 60,000 miles, whichever occurs first….

See Exhibit C, p. 9.

51.    The express warranty covers "any factory-supplied component of the

2017 Model Year Jaguar vehicle that is defective during the basic warranty

period…." See Exhibit C, p. 9.

52.    Defendant Jaguar may attempt to assert page 11 of its warranty

applies to Mr. Ballucanag's vehicle wherein normal noises or vibration are not

covered by the warranty.  But the vehicle's extensive repairs have went well

beyond any concern over normal noises or vibrations.

10

53.     Additional express and implied warranties and representations include, but are not limited to, the following:

    a.  Said vehicle was of good, sound and merchantable quality;

    b.  Said vehicle was fit for the ordinary purposes of safe and reliable transportation;

    c.  Said vehicle was free from defective parts and workmanship;

    d.  Said vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

    e.  In the event said vehicle was not free from defective parts or workmanship as set forth above, that Defendant Jaguar would repair or replace same without cost to Mr. Ballucanag; and

    f.  That any defects or non-conformities would be cured within a reasonable time, and that if a safety defect, that would be properly repaired the first time.

54.     Said vehicle was not as warranted and represented in that the vehicle had a serious defect that has not been correctly repaired upon Defendant Jaguar's multiple attempts to fix it.

55.     As a result of these defects and ongoing problems, said vehicle cannot reasonably be relied upon by Mr. Ballucanag for the ordinary purpose of safe and reliable transportation.

56.     Mr. Ballucanag has contacted the Jaguar Customer Relationship Center to inform it of the vehicle's defects and/or nonconformities and seeking a discussion of the warranty, but has received no response.

57.     Mr. Ballucanag even hired counsel who sent two letters via certified mail asserting his rights and made multiple calls to Jaguar's Customer Relationship Center to seek relief, but again Defendant Jaguar never responded.  The representatives would claim Jaguar's Consumer Affairs department would be returning the call within the next day, but never would.

58.     Mr. Ballucanag has given Defendant Jaguar a reasonable opportunity to cure said defects and make the subject vehicle fit for its intended purpose, but Defendant Jaguar has been unable to do so within the proper time frame and number of repairs.

59.     As a direct and proximate result of Defendant Jaguar's various breaches of warranty, Mr. Ballucanag has suffered damages including but not limited to: the cost of his vehicle, the inconvenience of obtaining alternative transportation, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, aggravation, and he will continue to suffer future damages together with costs and fees to obtain relief from Defendant Jaguar's wrongful conduct.

WHEREFORE, Mr. Ballucanag prays for the relief as follows:

AS TO THE FIRST CLAIM FOR RELIEF (Magnuson-Moss Warranty Act):

    A.  That judgment be awarded to Mr. Ballucanag in the amount of $55,800.14 together with additional damages to be determined.

AS TO THE SECOND CLAIM FOR RELIEF (Breach of Warranties):

    B.  That judgment be awarded to Mr. Ballucanag in the amount of $55,800.14 together with additional damages to be determined.

AS TO ALL CLAIMS FOR RELIEF:

    C.  That the Court award Mr. Ballucanag his reasonable attorney fees and costs.

    D.  That the Court award Mr. Ballucanag such other relief as the Court may deem just and proper.

DATED: Honolulu, Hawai'i, November 11, 2019.

/s/ Justin A. Brackett, Esq.
JUSTIN A.  BRACKETT, ESQ.
Attorney for Plaintiff, Richard Ballucanag